The plaintiff, George Wathews, brings this action claiming personal injuries as a result of a fall on some wooden porch steps at premises owned by defendant Joseph Renzulli and occupied by his former spouse, defendant Helen L. Renzulli, and located on Highgate Road in Westport.
Defendant Helen Renzulli has filed a cross-claim against Joseph Renzulli for indemnification on the basis that he is the owner of the premises, and was under a court order entered in connection with the dissolution of their marriage to keep the premises in repair. Joseph Renzulli has filed a motion (#126) for summary judgment, Practice Book 378 et seq., claiming that a subsequent court order absolved him from fixing the porch stairs until April 1, 1990, and that the accident to the plaintiff occurred on February 13, 1990.
The file contains excerpts from the original decree of dissolution CT Page 5408 of the marriage of the defendants in 1985, in which the husband Joseph was awarded the marital home, but the wife Linda was permitted to live therein for a specified time period. The husband was also responsible for "[r]epairs costing over $150," and the wife for repairs under that amount. On November 29, 1989, Judge Coppeto ruled that Joseph would have "until April 1st" to repair the porch and steps. This meant, as I read her remarks, that Joseph could wait to do the actual work until that date, since Judge Coppeto mentioned "the winter months" as making it difficult to perform that type of repair.
This new order did not, I believe, necessarily absolve Joseph from responsibility for injuries that might occur on the premises, but merely postponed the time when repairs to the porch steps had to be completed.
There are genuine issues of material fact as to who was responsible for the unsafe steps if they are proven to have been in a state of disrepair.
These issues preclude the entry of a summary judgment on Linda Renzulli's cross-complaint against her former husband, and therefore his motion seeking such a judgment is denied.